IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CRANDALE REDMAN,**

    **Plaintiff,**

v.                                            Case No. 2:10-cv-00119

**JACKSON COUNTY PROSECUTING ATTORNEY, and
TOM REYNOLDS, Magistrate,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 4, 2010, Plaintiff filed a complaint against the above-named defendants under 42 U.S.C. § 1983 (docket # 1). On February 17, 2010, Plaintiff filed an application to proceed without prepayment of fees and costs (# 6). This matter is assigned to the Honorable Joseph R. Goodwin, Chief Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), and notwithstanding any filing fee, the court must screen each case in which a plaintiff applies to proceed without prepayment of fees. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pro se complaints are held to less stringent

standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

## ANALYSIS

Plaintiff essentially claims that her civil rights are being violated in connection with the prosecution of her by the Jackson County prosecuting attorney and the related proceedings before Jackson County Magistrate Tom Reynolds. (Complaint, # 1, at 1.) Plaintiff is on home confinement, with her jury trial set for April 28, 2010.

Plaintiff's criminal prosecution is on-going. Accordingly, these are matters that should be raised, if at all, by Plaintiff's criminal defense counsel in the criminal proceeding. It is well-settled that federal courts may not award declaratory or injunctive relief that would affect a pending state criminal proceeding, absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 45 (1971); Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996).

Because Plaintiff has on-going state criminal proceedings that could be affected by any relief that could be granted by this court, the undersigned proposes that the presiding District Judge **FIND** that abstention from consideration of the claims raised in Plaintiff's present complaint is appropriate. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter without prejudice under Younger v. Harris, 401 U.S. 37, 45 (1971).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

  February 25, 2010
       Date

Mary E. Stanley
United States Magistrate Judge